**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

---

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO; LINDA M. AND ROBERT M. FERREIRA; GARY P. ROSE; VICTOR ROSE III; LORRAINE AND FRANK J. AGUIAR, JR.; CATHLEEN AND MICHAEL A. ALVARNAS; MARY LOU AND CARLOS AMARAL; FATIMA AMARAL; LIRIA AMARAL; BAY VIEW HOLY GHOST CITIZENS CLUB; DEBRA BEAUSOLEIL; ELLEN G. AND JOHN CABRAL; SUSAN CORREIA; MARIA I. AND PEDRO M. AMARAL; HENRY M. BEIROLA, JR.; STEPHEN BIGOS; NANCY ANN AND ROBERT BORDEN; JANE AND RICHARD A. BORGES; MARK BOUCHARD; SARA CABRAL; WILLIAM G. CAMARA; JUNYA AND JOHN CAMBRA; JANICE M. AND BARRY C. CARROLL; KAREN A. AND CLAYWELL M. CHAFTON, III; KATHLEEN AND JOHN CRISTO; CAROLYN COLLINS; NORMENIA AND JOSE P. CORDEIRO; SHIRLEY M. CORDEIRO; PATRICIA AGUIAR; ISABEL M. AND FRANCIS R. CORREIA; COLLEEN FERNANDES AND MANUEL CHRISTO; DORIS AND DENNIS DUARTE; JOHN F. DUARTE; ESTATE OF CHRISTINA FARIAS; LINDA AND BARRY HAIR; MARY AND LARRY A. HELD; PAMELA A. AND EDWARD J. KLUS; RAYMOND AND JUDITH LEPAGE; VICTORIA AND MICHAEL MACOMBER; HILDA R., MYRON J. AND RICHARD M. MARTIN; JEAN AND THOMAS J. MEDEIROS; LINDA MELLO-FOURNIER; ELEANOR AND MICHAEL MONAST; EVELYN MORRIS; ANTONE CUSTODIO; LUCIA AND DIMAS PAVAO; MANUEL AND ODELIA PAVAO; CYNTHIA A. REAGAN, DEBRA A. DEPAOLA AND THE ESTATE OF GEORGE OLIVERIA; LOIS AND STEPHEN J. SCANLON; MICHELLE AND DAVID SILVA; ANGELINA SILVIA; LOREE A. AND DANA SILVA; | CA 05 221 T<br><br>**NOTICE OF REMOVAL**<br><br>REMOVED FROM:<br><br>SUPERIOR COURT FOR THE STATE OF RHODE ISLAND, COUNTY OF PROVIDENCE |

2

DANA AND JOHN SILVA; BARBARA A. AND TOBIAS SILVA, JR.; GEORGIANNA AND ALVIN B. SIMPSON; ALVIN B. SIMPSON REVOCABLE TRUST; GEORGIANNA SIMPSON REVOCABLE TRUST; MARSHA AND CLINTON SKARKA; MARY SOUZA, MARY P. FARIA, VIRGINIA BORGES, HILDA MARTIN AND DELORES BOYLE; DANIEL J. TERCEIRO; TERESA FARIAS; MARGARET MEDEIROS; PAUL F. TERCEIRO; BRUCE THOMPSON; CAROLYN AND DENNIS VOLOIS; HEATHER AND ANTONIO VIEIRA; BETSEY D. WARREN; LYNNE V. AND TIMOTHY WATERS; LISA AND ROBERT WILT, JR.,

CA 05 221 T

*Plaintiffs,*

C.A. No. 05-________

v.

NEW ENGLAND GAS COMPANY, INC.,

*Defendant.*

---------------------------------------------------------------X

**NOTICE OF REMOVAL**

Defendant New England Gas Company (improperly sued as "New England Gas Company, Inc."), an unincorporated division of Southern Union Company ("NEGasCo"), by and through its undersigned counsel, hereby files its Notice of Removal of this action (the "Action") from the Superior Court of the State of Rhode Island, County of Providence, to the United States District Court for the District of Rhode Island. NEGasCo appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1. On May 2, 2005, Plaintiffs served the First Amended Complaint and Jury Demand (the "Amended Complaint") upon NEGasCo, in connection with the Action commenced in the Superior Court of the State of Rhode Island, County of Providence, Docket No. 05-1619. The Amended Complaint is the first pleading served upon NEGasCo in the Action.

2. NEGasCo has not served a responsive pleading to the Amended Complaint and no orders have been issued in the Action.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after NEGasCo's receipt of service of the Amended Complaint.

4. NEGasCo is an unincorporated division of Southern Union Company. Southern Union Company is incorporated in the State of Delaware and has its principal place of business in Wilkes-Barre, Pennsylvania.

5. All Plaintiffs in the Action are residents of Rhode Island.

6. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C § 1441, in that the parties are citizens of different states and the amount in controversy with respect to each Plaintiff exceeds $75,000, exclusive of interest and costs.

7. While the Amended Complaint does not expressly plead the amount in controversy, it is clear from the allegations therein, including those set forth below, that each Plaintiff asserts an amount in controversy that exceeds $75,000, exclusive of interest and costs:

a. Plaintiffs plead that they "own property in Tiverton, Rhode Island and file this complaint to recover damages for the diminution in the value of their properties, lost use and enjoyment of their properties, and severe emotional distress caused by [NEGasCo's] disposal of and/or release of coal gasification waste material containing arsenic, lead, cyanide and other hazardous substances." (Am. Compl. ¶ 1). Plaintiffs seek compensatory damages, punitive damages, and treble damages in the Action. (Am. Compl. ¶ 62, "Relief Requested" ¶ 1);

b. Plaintiffs plead that they have "suffered and will *continue to suffer substantial* injuries and damages . . ." (Am. Compl. ¶¶ 33, 41, 45, 49, 54) (emphasis added); and

c. In addition to compensatory, treble and punitive damages, Plaintiffs request "other extraordinary, declaratory and/or injunctive relief" (Am. Compl. ¶ 2, "Relief Requested" ¶ 18), which may purport to include the costs associated with the removal of the alleged hazardous substances from their properties.

8. Pursuant to 28 U.S.C. § 1446(d), NEGasCo promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Rhode Island, County of Providence, and will serve a copy of the same on counsel for Plaintiffs.

9. Pursuant to local Rule 36(b), attached as Exhibit A is a certified copy of the state court docket sheet.

10. Pursuant to local Rule 36(b), attached as Exhibit B is every document in the state court record including a certified copy of the Complaint filed in this action.

11. Pursuant to local Rule 36(b), attached as Exhibit C is a copy of the Service of Process Transmittal Form and Amended Complaint.

12. WHEREFORE, NEGasCo respectfully removes the Action now pending in the Superior Court of the State of Rhode Island, County of Providence, Docket No. 05-1619, to the United States District Court for the District of Rhode Island.

Dated: Providence, Rhode Island
May 20, 2005

ADLER, POLLOCK & SHEEHAN P.C.

By: ______________________

John A. Tarantino (#2586)
David A. Wollin (#4950)
Patricia K. Rocha (#2793)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2005, a copy of the foregoing was hand-delivered/~~mailed first class, postage prepaid~~, to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | David C. Strouss, Esq.<br>Brad J. Mitchell, Esq.<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts, Esq.<br>McRoberts, Roberts & Rainer<br>51 State Street<br>Boston, MA 02109 | |

*333415_1.doc*

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 04/01/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

"A"

DOCKET EVENT LISTING

CASE NO.: PC2005 1619 TYPE PROPERTY DAMAGE
TITLE: JOHN D GAIL V NEW ENGLAND GAS CO
FILING DATE: 03-31-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| GAIL,JOHN D | PLF | McConnell,Robert J. | AOR |
| NEW ENGLAND GAS CO INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| KRH | 04-01-2005 | | | |
| COMPLAINT FILED | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

"b"

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office)

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Gail, John D. and John F. Corvello et al. | New England Gas Company Inc. |

**NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)**

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☒ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liability | ☐ WRD Wrongful death |

**MISCELLANEOUS PETITIONS**

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

**PROBATE APPEALS**

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☒ Jury or ☐ Non-jury

( Attorney name and Registration # Robert J. McConnell #3888 3/31/05 (Date)

Pro se/Name

Office of Clerk of Courts, Providence & Bristol Counties, Providence, Rhode Island

SUPERIOR COURT FILED HENRY S. KINCH JR. CLERK 2005 MAR 31 P 4:05

SC-223 (Rev. 11/00)

STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

05-1619

GAIL, JOHN D. AND JOHN F. CORVELLO; LINDA M. AND ROBERT M. FERREIRA; GARY P. ROSE; VICTOR ROSE III; LORRAINE A. AND FRANK J. AGUIAR, JR.; CATHLEEN AND MICHAEL A. ALVARNAS; MARY LOU AND CARLOS AMARAL; FATIMA AMARAL; LIRIA AMARAL; DEBRA BEAUSOLEIL; SUSAN CORREIA; MARIA I. AND PEDRO M. AMARAL; HENRY M. BEIROLA, JR.; STEPHEN BIGOS; NANCY ANN AND ROBERT BORDEN; JANE AND RICHARD A. BORGES; MARK BOUCHARD; SARA CABRAL; WILLIAM G. CAMARA; JUNYA AND JOHN CAMBRA; JANICE M. AND BARRY C. CARROLL; KAREN A. AND CLAYWELL M. CHAFTON,III; KATHLEEN AND JOHN CHRISTO; CAROLYN COLLINS; NORMENIA AND JOSE P. CORDEIRO; SHIRLEY M. CORDEIRO; PATRICIA AGUIAR; ISABEL M. AND FRANCIS R. CORREIA; COLLEEN FERNANDES AND MANUEL CHRISTO; ESTATE OF CHRISTINA FARIAS; LINDA AND BARRY HAIR; MARY AND LARRY A. HELD; PAMELA A. AND EDWARD J. KLUS; VICTORIA AND MICHAEL MACOMBER; HILDA R., MYRON J. AND RICHARD M. MARTIN; JEAN AND THOMAS J. MEDEIROS; LINDA MELLO-FOURNIER; ELEANOR AND MICHAEL MONAST; EVELYN MORRIS; ANTONE CUSTODIO; LUCIA AND DIMAS A. PAVAO; LOIS AND STEPHEN J. SCANLON; MICHELLE AND DAVID SILVA; ANGELINA SILVIA; LOREE A. AND DANA SILVIA; DANA AND JOHN SILVIA; BARBARA A.AND TOBIAS SILVIA, JR.; GEORGIANNA AND ALVIN B. SIMPSON; ALVIN B SIMPSON REVOCABLE TRUST; GEORGIANNA SIMPSON REVOCABLE TRUST; MARSHA AND CLINTON SKARKA; DANIEL J. TERCEIRO; THERESA FARIAS; MARGARET MEDEIROS; PAUL F. TERCEIRO; BRUCE THOMPSON; CAROLYN AND DENNIS VALOIS; HEATHER AND ANTONIO VIEIRA; BETSEY D. WARREN; LYNNE V., AND TIMOTHY WATERS; LISA AND ROBERT WILT, JR.;

*Plaintiffs,*

v.

A true copy attest

Office of the Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 31 P 4: 05

PDM
YJ
3888
128121

NEW ENGLAND GAS COMPANY, INC.;
*Defendant.*

**COMPLAINT**

For their complaint, the Plaintiffs by and through their attorneys, MOTLEY RICE, THORNTON & NAUMES, AND MCROBERTS, ROBERTS & RAINER, allege as follows:

**I. INTRODUCTORY STATEMENT**

1. The Plaintiffs own property in Tiverton, Rhode Island and file this complaint to recover damages for the diminution in the value of their properties, lost use and enjoyment of their properties, and severe emotional distress caused by the Defendant's disposal of and/or release of coal gasification waste material containing arsenic, lead, cyanide and other hazardous substances.

**II. PARTIES**

**Plaintiffs**

2. The Plaintiffs all own property in Tiverton, Rhode Island:

a. Plaintiffs Gail, John F. and John D. Corvello own and reside at the property located at 188-190 Bay Street;

b. Plaintiffs Linda M. and Robert M. Ferreira own and reside at the property located at 37 A. Connell Street;

c. Plaintiffs Gary P. Rose and Victor Rose III own and reside at the property located at 34 Chace Avenue;

d. Plaintiffs Lorraine A. and Frank J. Aguiar, Jr. own and reside at the property located at 62 Canonicus Street;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

e. Plaintiffs Cathleen and Michael A. Alvarnas own and reside at the property located at 39 Chace Avenue and own the property located at 31 Chace Avenue;

f. Plaintiffs Mary Lou and Carlos Amaral own and reside at the property located at 17 Foote Street;

g. Plaintiffs Fatima Amaral, Liria Amaral, Debra Beausoleil, and Susan Correia own and reside at the property located at 38 Hilton Street;

h. Plaintiffs Maria I. and Pedro M. Amaral own and reside at the property located at 49 Hilton Street;

i. Plaintiff Henry M. Beirola, Jr. owns the property located at 79 Canonicus Street;

j. Plaintiff Stephen Bigos owns and resides at the property located at 36 Canonicus Street;

k. Plaintiffs Nancy Ann and Robert Borden own the properties located at 58 Bay Street and 15 Chace Avenue;

l. Plaintiffs Jane and Richard Borges own and reside at the property located at 60 Chace Avenue;

m. Plaintiff Mark Bouchard owns the property located at Block 160, Lot 72;

n. Plaintiff Sara Cabral owns and resides at the property located at 58 Canonicus Street;

o. Plaintiff William G. Camara owns the properties located at Block 3, Lot 1C and Block 3, Lot 1D;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

p. Plaintiffs Junya and John Cambra own and reside at the property located at 91 State Street and own the properties located at Block 17, Lot 1; Block 17, Lot 3; Block 17, Lot 4A; Block 17, Lot 5A and Block 17, Lot 6;

q. Plaintiffs Janice M. and Barry C. Carroll own and reside at the property located at 145 Judson Street;

r. Plaintiffs Karen A. and Claywell M. Chafton, III own and reside at the property located at 16 Chace Avenue;

s. Plaintiffs Kathleen and John Christo own and reside at the property located at 48 Canconicus Street;

t. Plaintiff Carolyn Collins owns and resides at the property located at 61 Hilton Street;

u. Plaintiffs Normenia and Jose P. Cordeiro own and reside at the property located at 51 Canonicus Street;

v. Plaintiffs Shirley M. Cordeiro and Patricia Aguiar own and reside at the property located at 130 Bay Street and own the property located at 110 Bay Street;

w. Plaintiffs Isabel M. and Francis R. Correia own and reside at the property located at 8 Bay Street;

x. Plaintiffs Colleen Fernandes and Manuel Christo own and reside at the property located at 39 Hilton Street;

y. Plaintiff the Estate of Christina Farias owns the property located at 61 Canonicus Street;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

z. Plaintiffs Linda and Barry Hair own and reside at the property located at 52 Hilton Street;

aa. Plaintiffs Mary and Larry A. Held own and reside at the property located at 28 Hilton Street;

bb. Plaintiffs Pamela A. and Edward J. Klus own and reside at the property located at 36 Hooper Street;

cc. Plaintiffs Victoria and Michael Macomber own and reside at the property located at 103 Canonicus Street;

dd. Plaintiffs Hilda R., Myron J. and Richard M. Martin own and reside at the property located at 44 Hilton Street;

ee. Plaintiff Jean and Thomas J. Medeiros own and reside at the property located at 111 State Avenue;

ff. Plaintiff Linda Mello-Fournier owns and resides at the property located at 114 Canonicus Street;

gg. Plaintiffs Eleanor and Michael Monast own and reside at the property located at 40 Judson Street;

hh. Plaintiffs Evelyn Morris and Antone Custodio own and reside at the property located at 126 Hilton Street;

ii. Plaintiffs Lucia and Dimas A. Pavao own and reside at the property located at 88 Bay Street;

jj. Plaintiffs Lois and Stephen J. Scanlon own and reside at the property located at 129 Bottom Street;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

kk. Plaintiffs Michelle and David Silva own and reside at the property located at 29 Canonicus Street;

ll. Plaintiff Angelina Silvia owns and resides at the property located at 42 Chace Avenue;

mm. Plaintiffs Loree A. and Dana Silvia own and reside at the property located at 30 Judson Street;

nn. Plaintiffs Dana and John Silvia own the property located at 96 Bay Street;

oo. Plaintiffs Barbara A. and Tobias Silvia, Jr. own and reside at the property located at 50 Hooper Street;

pp. Plaintiffs Georgianna and Alvin B. Simpson own the property located at 123 Judson Street;

qq. Plaintiffs Alvin B. Simpson Revocable Trust and Georgianna Simpson Revocable Trust own the properties located at Lot 41, Block 34 and Lot 41, Block 35;

rr. Plaintiffs Marsha and Clinton Skarka own and reside at the property located at 114 Lepes Road;

ss. Plaintiffs Daniel J. Terceiro, Theresa Farias and Margaret Medeiros own the properties located at Block 22, Lot 3; Block 22, Lot 4 and Block 22, Lot 6;

tt. Plaintiff Paul E. Terceiro owns and resides at the property located at 33 Bay Street;

uu. Plaintiff Bruce Thompson owns and resides at the property located at 126 Chace Avenue;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

vv. Plaintiffs Carolyn and Dennis Valois own and reside at the property located at 42 Bay Street and own the property located at Block 16, Lot 6A;

ww. Plaintiffs Heather and Antonio Vieira own and reside at the property located at 55 Canonicus Street;

xx. Plaintiff Betsey D. Warren owns and resides at the property located at 17 Canonicus Street and owns the property located at 12 Canonicus Street;

yy. Plaintiffs Lynne V. and Timothy Waters own and reside at the property located at 54 Judson Street;

zz. Plaintiffs Lisa and Robert Lee Wilt, Jr. own and reside at the property located at 218 Lepes Road.

**Defendant**

3. The Defendant, New England Gas Company, formerly known as Fall River Gas Company, has its headquarters in Providence, Rhode Island.

## III. FACTS

**Plaintiffs' Properties Filled With Contaminated Coal Gasification Waste Material From Fall River Gas Company**

4. In or about August 2002, during construction and installation of the Mount Hope Bay Sewer Interceptor Project in Tiverton, Rhode Island, the sewer contractor, Starwood Tiverton LLC, as operator of the project, contracted with D'Ambra Construction to conduct excavation activities in the vicinity of Bay Street at the intersections with Judson Street and Last Street.

5. The excavation activities conducted by D'Ambra Construction included the stockpiling of soils on the corner of Judson and Bay Street and at the bottom of Last Street in Tiverton.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. Complaints received by the State of Rhode Island Department of Environmental Management [hereinafter "RIDEM"] concerning the stockpiled soils initiated an investigation by a member of the RIDEM hazardous materials response team.

7. The RIDEM field investigator observed that the stockpiled soils placed by the sewer contractor at the corner of Judson and Bay Street and at the bottom of Last Street had a blue color associated with it, indicative of historic coal gasification waste material.

8. RIDEM had the stockpiled soils analyzed by RIDEM's contractor laboratory.

9. The laboratory analysis of the stockpiled soils revealed the presence of cyanide and other hazardous substances in the stockpiled soils.

10. On October 8, 2002, RIDEM issued a Letter of Responsibility to the Town of Tiverton as the owner of the property and to Starwood Tiverton, LLC as the operator of the sewer installation project.

11. In or about November 2002, EA Engineering, on behalf of the Town of Tiverton and Starwood Tiverton, LLC conducted a subsurface investigation beneath portions of the following public roads and public streets in Tiverton as far north as State Avenue: Bay, Judson, Hooper, Hilton, Canonicus, Chase, and Foote.

12. The EA Engineering subsurface investigation revealed the presence of toxic and hazardous substances, including total petroleum hydrocarbons (TPH), semi-volatile organic compounds (SVOCs), lead, arsenic and cyanide in the soils.

13. Additional analytic testing of the contaminated soils determined that some contained toxic and hazardous substances, including poly aromatic hydrocarbons (PAHs), cyanide and naphthalene at levels exceeding the Residential and Industrial/Commercial Direct Exposure Criteria.

A True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. The results reported by EA Engineering indicated to RIDEM that there was a more wide spread problem with the contaminated soil than had been assumed as the fill containing contaminated soil extended beyond the sewer pipeline right of way and beneath areas of the public roads and public streets in the adjacent community.

15. On or about March 13, 2003, RIDEM met with representatives from the Town of Tiverton who provided historical information to RIDEM concerning the area of Tiverton that was the subject of the RIDEM activities.

16. Historical information provided to RIDEM by the Town of Tiverton included documentation citing a former employee of Fall River Gas Company concerning disposal of "blue soil."

17. Based on the foregoing, RIDEM concluded that some of the properties in this residential area of Tiverton were filled with contaminated coal gasification waste from Fall River Gas Company prior to the construction of the homes and that undeveloped property to the south of the residential development may also have been filled with contaminated coal gasification waste material from Fall River Gas Company.

18. On March 17, 2003, RIDEM issued a Letter of Responsibility to New England Gas Company/Southern Union Company stating in part:

> RE: Historical Manufactured Gas Plant Contaminated Soils in Tiverton, Rhode Island (former Fall River Gas Co.) along Bay Street, Judson Street, Canonicus Street, Hooper Street, Hilton Street, Chase Street and Foote Street, and adjoining properties (i.e. "the site").
>
> The contaminated soil appears to contain historical manufactured coal gasification materials.
>
> Based upon the information identified to date, Southern Union Company, as the owner of the former Fall River Gas Company (d.b.a. New England Gas Co.), is identified as a Responsible

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

> Party as defined by Rule 3.44 for the improper disposal of contaminated soils.

19. Soil with a blue color indicates the presence of coal gasification waste material.

20. Fall River Gas Company was involved with coal gasification.

21. Coal gasification waste material contains lead, arsenic, cyanide and other hazardous substances.

22. Subsequent testing, field work, observations, information and analysis confirmed that properties in the site, a residential area of Tiverton where Plaintiffs own property and reside, were filled with coal gasification waste containing lead, arsenic, cyanide, and other hazardous substances that contaminated the soil.

**<u>Emergency Moratorium Area</u>**

23. On August 25, 2003, the Town Council of the Town of Tiverton placed an "Emergency Moratorium" on all property within the following borders: bordered on the west by the waterfront; bordered on the north by the Rhode Island/Massachusetts state line; bordered on the east by Church Street from end to end and then continued as a drawn line to a point northerly that meets the state line and continued southerly as a drawn line to a point that meets Lepes Road; and bordered on the south by the center of Lepes Road [hereinafter "Emergency Moratorium Area"]

24. A letter dated August 27, 2003 from the Town of Tiverton to All Property Owners in the Northwest Quadrant of Tiverton states in part:

> The 'Emergency Moratorium' prohibits immediately any excavation within the bordered area. Additionally, any building permit that requires excavation will not be issued within the area.
>
> (RIDEM) and the Department of Health are currently working with the residents and town regarding contaminated soil within the bordered area.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Remember, the 'Emergency Moratorium' includes all type of Excavation on your property.

25. Plaintiffs all own property located in the Emergency Moratorium Area.

26. Testing on properties in the Emergency Moratorium Area, including properties owned by Plaintiffs, properties abutting properties owned by Plaintiffs, and properties in the vicinity of properties owned by Plaintiffs, has revealed the presence of hazardous substances such as lead, arsenic and cyanide.

**IV. CAUSES OF ACTION**

**COUNT ONE**
**(Negligence)**

27. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

28. The Defendant had a duty to exercise reasonable care in handling, disposing of, and/or releasing hazardous substances in its possession, custody and control, including coal gasification waste material containing lead, arsenic, and cyanide.

29. The Defendant had a statutory duty, pursuant to R.I.GEN. LAWS § 23-19.1-22 (1956), to transport, store, and dispose of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location authorized by that chapter or the rules and regulations promulgated pursuant to it.

30. The Defendant had a continuing duty to advise and warn of the dangers associated with the hazardous substances Defendant handled, disposed of, and/or released, including coal gasification waste material containing lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

31. The Defendant knew or should have known that the hazardous substances Defendant handled, disposed of and/or released would cause harm to the Plaintiffs.

32. The Defendant breached its duties by, among other things:

a. disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area;

b. transporting, storing, or disposing of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location not authorized by R.I.GEN. LAWS § 23-19.1-22 (1956) or the rules and regulations promulgated pursuant to that chapter;

c. failing to notify or warn property owners in the Emergency Moratorium Area of the hazards Defendant had created;

d. failing to remove the hazards Defendant had created.

33. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages as described above.

34. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its negligence.

**COUNT TWO**
**(Gross Negligence)**

35. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

36. The Defendant had a manifest duty to exercise reasonable care in handling, disposing of, and/or releasing hazardous substances in its possession, custody and control, including coal gasification waste material containing lead, arsenic, and cyanide.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

37. The Defendant had a manifest statutory duty pursuant to R.I.GEN. LAWS § 23-19.1-22 (1956) to transport, store, and dispose of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location authorized by that chapter or the rules and regulations promulgated pursuant to it.

38. The Defendant had a continuing manifest duty to advise and warn of the dangers associated with the hazardous substances Defendant handled, disposed of, and/or released, including coal gasification waste material containing lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area.

39. The Defendant, acting in reckless disregard of the consequences as affecting life or property of the plaintiffs knew or should have known that the hazardous substances Defendant handled, disposed of and/or released would cause harm to the Plaintiffs.

40. The Defendant intentionally breached its manifest duties by, among other things:

a. disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area;

b. transporting, storing, or disposing of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location not authorized by R.I.GEN. LAWS § 23-19.1-22 (1956) or the rules and regulations promulgated pursuant to that chapter;

c. failing to notify or warn property owners in the Emergency Moratorium Area of the hazards Defendant had created;

d. failing to remove the hazards Defendant had created.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

41. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages as described above.

**COUNT THREE**
**(Strict Liability)**

42. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

43. The Defendant engaged in ultrahazardous and abnormally dangerous activities when it handled, disposed of and/or released hazardous substances in its possession, custody and control, including coal gasification waste material containing Lead, Arsenic, and Cyanide.

44. The Defendant knew, or should have known, that there was a high degree of risk associated with the handling, disposal and/or release of the hazardous substances, including a risk of harm to the Plaintiffs.

45. As a direct and proximate result of Defendant's ultrahazardous and abnormally dangerous activity, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

46. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its conduct.

**COUNT FOUR**
**(Private Nuisance)**

47. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

48. The Defendant, by its handling, disposal of, and release of hazardous substances emanating from its own property, including coal gasification waste material containing

Office of Clerk Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area, has materially interfered with the Plaintiffs' physical comfort and/or use of their property and has thereby created a private nuisance.

49. As a direct and proximate result of the private nuisance created by the Defendant, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

50. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of their conduct.

**COUNT FIVE**
**(Public Nuisance)**

51. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

52. The Defendant, by its handling, disposal of, and release of hazardous substances, coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area, has unreasonably interfered with the health, safety, peace, comfort or convenience of the public and has thereby created a public nuisance.

53. The plaintiffs as owners of property in the Emergency Moratorium Area have suffered harms different than those suffered by the general public.

54. As a direct and proximate result of the public nuisance created by the Defendant, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

55. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of their conduct.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT SIX**
**(Infliction of Emotional Distress)**

56. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

57. The Defendant's acts and omissions as described above represent conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

58. The Defendant knew or was reckless in not knowing that its acts and omissions would inflict emotional distress on the Plaintiffs.

59. The Defendant's acts and omissions have in fact inflicted severe emotional distress on all or some of the Plaintiffs and the Defendant is liable for the resulting damages Plaintiffs have suffered and will continue to suffer.

**COUNT SEVEN**
**(Unauthorized Disposal of Hazardous Waste)**

60. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

61. The defendant, acting in a willful and knowing manner, engaged in the transportation, storage, or disposal of hazardous wastes in a manner or location not authorized by R.I. GEN. LAWS § 23-19.1-22 (1956) and has, therefore, caused the unauthorized transportation, storage, or disposal of hazardous wastes through its activities in disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

62. The Defendant is liable for treble the amount of the costs, damages, losses, or injuries suffered by the Plaintiffs as a direct and proximate result of their conduct.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiffs by and through their attorneys, MOTLEY RICE, THORNTON & NAUMES, AND MCROBERTS, ROBERTS & RAINER, request that this Honorable Court issue an order and judgment against Defendant as follows:

1. Judgment against the Defendant for compensatory and punitive damages, plus interests, costs, and attorneys' fees;
2. An order awarding Plaintiffs such other extraordinary, declaratory and/or injunctive relief as permitted by law or equity as necessary to assure that the Plaintiffs have an effective remedy; and
3. For such other and further relief as the Court deems equitable just and proper.

True Copy Attest

Office of Clerk of Superior Court
Providence & Bristol

PLAINTIFFS DEMAND TRIAL BY JURY.

PLAINTIFFS,
By and through their attorneys,

Robert J. McConnell (#3888)
Michael G. Rousseau (#6940)
Jonathan D. Orent
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 521-9400

David C. Strouss
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
05/02/2005
Log Number 510175228

"C"

**TO:** David L Black
New England Gas Company
100 Weybosset Street
Providence, RI, 02903-

**RE:** **Process Served in Rhode Island**

**FOR:** Southern Union Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gall, John D. and John F. Corvello, et al, Pltfs., Vs New England Gas Company, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # C.A. 05-1619 |
| **NATURE OF ACTION:** | Negligence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/02/2005 at 11:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Robert J. McConnell, Esq.<br>321 South Main Street<br>Providence, RI, 02903 |
| **REMARKS:** | This confirms fax of transmittal and copy of process and to send Priority Fed Ex |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791056184461<br>SOP Papers with Transmittal, via Fax, David L Black 401-421-6760<br>Email Notification, David L Black DBLACK@NEGASCO.COM<br>Email Notification, Anne Connor ACONNOR@NEGASCO.COM<br>Email Notification, Bonny Nallon BNALLON@SOUTHERNUNIONCO.COM<br>CC Recipient(s)<br>Anne Connor, via Regular Mail<br>Bonny Nallon, via Regular Mail |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. C.A. 05-1619

Gail, John D. and John F. Corvello, et al.
Plaintiff

New England Gas Company, Inc.
Defendant

## *Summons*

New England Gas Company, Inc.
CT Corporation System
10 Weybosset St.
Providence, RI 02903

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Robert J. McConnell Plaintiff's attorney, whose address is 321 South Main Street, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

A true copy attest
[signature] #6070
Date 5/2/05

Dated: May 2, 2005

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

............................................,SC

## PROOF OF SERVICE

I hereby certify that on the ............................................ day of .................................................... I served a copy of this summons and a copy of the complaint received therewith upon ..................................................................................................

.........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,...................................................... .............................................................................................. (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ................................................ ..............................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

.........................................................................................................................................................

.........................................................................................................................................................

.........................................................................................................................................................

Sheriff's Fees

Travel ........................ $............................

Service ........................ $............................

$............................

.......................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. C.A. 05-1619

SUMMONS

SUPERIOR COURT

Gail, John D. and John F. Corvello, et al.

vs

New England Gas Company, Inc.

ATTORNEY FOR PLAINTIFF

Robert J. McConnell

MOTLEY RICE LLC
321 South Main St
Providence, RI
02903

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, S.C.

GAIL, JOHN D. AND JOHN F. CORVELLO; )
LINDA M.AND ROBERT M. FERREIRA; )
GARYP. ROSE; VICTOR ROSE III; LORRAINE )
AND FRANK J. AGUIAR, JR.; CATHLEEN )
AND MICHAEL A.ALVARNAS; MARY LOU )
AND CARLOS AMARAL;FATIMA AMARAL; )
LIRIA AMARAL; BAY VIEW HOLY GHOST )
CITIZENS CLUB;DEBRA BEAUSOLEIL; )
ELLEN G. AND JOHN CABRAL; SUSAN )
CORREIA; MARIA I. AND PEDRO M ).
AMARAL; HENRY M. BEIROLA, JR.; )
STEPHEN BIGOS; NANCY ANN AND )
ROBERT BORDEN; JANE AND RICHARD A. )
BORGES; MARKBOUCHARD; SARA )
CABRAL; WILLIAM G. CAMARA; JUNYA )
AND JOHN CAMBRA; JANICE M.AND )
BARRY C. CARROLL; KAREN A. AND )
CLAYWELL M. CHAFTON,III; KATHLEEN )
AND JOHN CHRISTO; CAROLYN COLLINS; )
NORMENIA AND JOSE P. CORDEIRO; )
SHIRLEY M. CORDEIRO; PATRICIA AGUIAR; )
ISABEL M. AND FRANCIS R.CORREIA; )
COLLEEN FERNANDES AND MANUEL )
CHRISTO; DORIS AND DENNIS DUARTE; )
JOHN F. DUARTE; ESTATE OF CHRISTINA )
FARIAS; LINDAAND BARRY HAIR; MARY )
AND LARRY A. HELD;PAMELA A. AND )
EDWARD J. KLUS; RAYMOND AND )
JUDITH LEPAGE; VICTORIA AND )
MICHAEL MACOMBER; HILDA R., )
MYRON J.AND RICHARD M. MARTIN; JEAN )
AND THOMAS J.MEDEIROS; LINDA )
MELLO-FOURNIER; ELEANOR AND )
MICHAEL MONAST; EVELYN MORRIS; )
ANTONE CUSTODIO;LUCIA AND DIMAS )
PAVAO; MANUEL AND ODELIA PAVAO; )
CYNTHIA A. REAGAN, DEBRA A. )
DEPAOLA, AND THE ESTATE OF GEORGE )
OLIVEIRA; LOIS AND STEPHEN J. SCANLON; )
MICHELLE AND DAVID SILVA; ANGELINA )
SILVIA; LOREE A. AND DANA SILVIA; )
DANA AND JOHN SILVIA; BARBARA A. )
AND TOBIAS SILVIA, JR.; GEORGIANNA )

AND ALVIN B. SIMPSON; ALVIN B SIMPSON REVOCABLE TRUST; GEORGIANNA SIMPSON REVOCABLE TRUST; MARSHA AND CLINTON SKARKA; MARY SOUZA, MARY P. FARIA, VIRGINIA BORGES, HILDA MARTIN AND DELORES BOYLE; DANIEL J.TERCEIRO; THERESA FARIAS; MARGARET MEDEIROS; PAUL F. TERCEIRO; BRUCE THOMPSON; CAROLYN AND DENNIS VALOIS; HEATHER AND ANTONIO VIEIRA; BETSEY D. WARREN; LYNNE V., ANDTIMOTHY WATERS; LISA AND ROBERT WILT, JR.;

*Plaintiffs,*

v. C.A. No. 05-1619

NEW ENGLAND GAS COMPANY, INC.;
*Defendant.*

**FIRST AMENDED COMPLAINT**

For their complaint, the Plaintiffs by and through their attorneys, MOTLEY RICE, THORNTON & NAUMES, AND MCROBERTS, ROBERTS & RAINER, allege as follows:

## I. INTRODUCTORY STATEMENT

1. The Plaintiffs own property in Tiverton, Rhode Island and file this complaint to recover damages for the diminution in the value of their properties, lost use and enjoyment of their properties, and severe emotional distress caused by the Defendant's disposal of and/or release of coal gasification waste material containing arsenic, lead, cyanide and other hazardous substances.

## II. PARTIES

**Plaintiffs**

2. The Plaintiffs all own property in Tiverton, Rhode Island:

a. Plaintiffs Gail, John F. and John D. Corvello own and reside at the property located at 188-190 Bay Street;

b. Plaintiffs Linda M. and Robert M. Ferreira own and reside at the property located at 37 A. Connell Street;

c. Plaintiffs Gary P. Rose and Victor Rose III own and reside at the property located at 34 Chace Avenue;

d. Plaintiffs Lorraine A. and Frank J. Aguiar, Jr. own and reside at the property located at 62 Canonicus Street;

e. Plaintiffs Cathleen and Michael A. Alvarnas own and reside at the property located at 39 Chace Avenue and own the property located at 31 Chace Avenue;

f. Plaintiffs Mary Lou and Carlos Amaral own and reside at the property located at 17 Foote Street;

g. Plaintiffs Fatima Amaral, Liria Amaral, Debra Beausoleil, and Susan Correia own and reside at the property located at 38 Hilton Street;

h. Plaintiffs Maria I. and Pedro M. Amaral own and reside at the property located at 49 Hilton Street;

i. Plaintiff Henry M. Beirola, Jr. owns the property located at 79 Canonicus Street;

j. Plaintiff Stephen Bigos owns and resides at the property located at 36 Canonicus Street;

k. Plaintiffs Nancy Ann and Robert Borden own the properties located at 58 Bay Street and 15 Chace Avenue;

l. Plaintiffs Jane and Richard Borges own and reside at the property located at 60 Chace Avenue;

m. Plaintiff Mark Bouchard owns the property located at Block 160, Lot 72;

n. Plaintiff Sara Cabral owns and resides at the property located at 58 Canonicus Street;

o. Plaintiff William G. Camara owns the properties located at Block 3, Lot 1C and Block 3, Lot 1D;

p. Plaintiffs Junya and John Cambra own and reside at the property located at 91 State Street and own the properties located at Block 17, Lot 1; Block 17, Lot 3; Block 17, Lot 4A; Block 17, Lot 5A and Block 17, Lot 6;

q. Plaintiffs Janice M. and Barry C. Carroll own and reside at the property located at 145 Judson Street;

r. Plaintiffs Karen A. and Claywell M. Chafton, III own and reside at the property located at 16 Chace Avenue;

s. Plaintiffs Kathleen and John Christo own and reside at the property located at 48 Canconicus Street;

t. Plaintiff Carolyn Collins owns and resides at the property located at 61 Hilton Street;

u. Plaintiffs Normenia and Jose P. Cordeiro own and reside at the property located at 51 Canonicus Street;

v. Plaintiffs Shirley M. Cordeiro and Patricia Aguiar own and reside at the property located at 130 Bay Street and own the property located at 110 Bay Street;

w. Plaintiffs Isabel M. and Francis R. Correia own and reside at the property located at 8 Bay Street;

x. Plaintiffs Colleen Fernandes and Manuel Christo own and reside at the property located at 39 Hilton Street;

y. Plaintiff the Estate of Christina Farias owns the property located at 61 Canonicus Street;

z. Plaintiffs Linda and Barry Hair own and reside at the property located at 52 Hilton Street;

aa. Plaintiffs Mary and Larry A. Held own and reside at the property located at 28 Hilton Street;

bb. Plaintiffs Pamela A. and Edward J. Klus own and reside at the property located at 36 Hooper Street;

cc. Plaintiffs Victoria and Michael Macomber own and reside at the property located at 103 Canonicus Street;

dd. Plaintiffs Hilda R., Myron J. and Richard M. Martin own and reside at the property located at 44 Hilton Street;

ee. Plaintiff Jean and Thomas J. Medeiros own and reside at the property located at 111 State Avenue;

ff. Plaintiff Linda Mello-Fournier owns and resides at the property located at 114 Canonicus Street;

gg. Plaintiffs Eleanor and Michael Monast own and reside at the property located at 40 Judson Street;

hh. Plaintiffs Evelyn Morris and Antone Custodio own and reside at the property located at 126 Hilton Street;

ii. Plaintiffs Lucia and Dimas A. Pavao own and reside at the property located at 88 Bay Street;

jj. Plaintiffs Lois and Stephen J. Scanlon own and reside at the property located at 129 Bottom Street;

kk. Plaintiffs Michelle and David Silva own and reside at the property located at 29 Canonicus Street;

ll. Plaintiff Angelina Silvia owns and resides at the property located at 42 Chace Avenue;

mm. Plaintiffs Loree A. and Dana Silvia own and reside at the property located at 30 Judson Street;

nn. Plaintiffs Dana and John Silvia own the property located at 96 Bay Street;

oo. Plaintiffs Barbara A. and Tobias Silvia, Jr. own and reside at the property located at 50 Hooper Street;

pp. Plaintiffs Georgianna and Alvin B. Simpson own the property located at 123 Judson Street;

qq. Plaintiffs Alvin B. Simpson Revocable Trust and Georgianna Simpson Revocable Trust own the properties located at Lot 41, Block 34 and Lot 41, Block 35;

rr. Plaintiffs Marsha and Clinton Skarka own and reside at the property located at 114 Lepes Road;

ss. Plaintiffs Daniel J. Terceiro, Theresa Farias and Margaret Medeiros own the properties located at Block 22, Lot 3; Block 22, Lot 4 and Block 22, Lot 6;

tt. Plaintiff Paul E. Terceiro owns and resides at the property located at 33 Bay Street;

uu. Plaintiff Bruce Thompson owns and resides at the property located at 126 Chace Avenue;

vv. Plaintiffs Carolyn and Dennis Valois own and reside at the property located at 42 Bay Street and own the property located at Block 16, Lot 6A;

ww. Plaintiffs Heather and Antonio Vieira own and reside at the property located at 55 Canonicus Street;

xx. Plaintiff Betsey D. Warren owns and resides at the property located at 17 Canonicus Street and owns the property located at 12 Canonicus Street;

yy. Plaintiffs Lynne V. and Timothy Waters own and reside at the property located at 54 Judson Street;

zz. Plaintiffs Lisa and Robert Lee Wilt, Jr. own and reside at the property located at 218 Lepes Road.

aaa. Plaintiffs Ellen G. and John Cabral own and reside at the property located at 85 Canonicus Street.

bbb. Plaintiffs Bay View Holy Ghost Citizens Club own and reside at the property located at 66 Bottom Street.

ccc. Plaintiffs Doris and Dennis Duarte own and reside at the property located at 58 Hilton Street.

ddd. Plaintiff John F. Duarte as Trustee own and reside at the property located at 9 Hilton Street.

eee. Plaintiffs Raymond and Judith Lepage own and reside at the property located at 23 Methuen Street.

fff. Plaintiffs Manuel and Odelia Pavao own and reside at the property located at 80 Bay Street.

ggg. Plaintiffs Cynthia A. Reagan, Debra A. Depaola, and the Estate of George Oliveira own and reside at the property located at 35 Hilton Street.

hhh. Plaintiffs Mary Souza, Mary P. Faria, Virginia Borges, Hilda Martin and Delores Boyle own the property located at 43 Hilton Street

**Defendant**

3. The Defendant, New England Gas Company, formerly known as Fall River Gas Company, has its headquarters in Providence, Rhode Island.

## III. FACTS

**Plaintiffs' Properties Filled With Contaminated Coal Gasification Waste Material From Fall River Gas Company**

4. In or about August 2002, during construction and installation of the Mount Hope Bay Sewer Interceptor Project in Tiverton, Rhode Island, the sewer contractor, Starwood Tiverton LLC, as operator of the project, contracted with D'Ambra Construction to conduct excavation activities in the vicinity of Bay Street at the intersections with Judson Street and Last Street.

5. The excavation activities conducted by D'Ambra Construction included the stockpiling of soils on the corner of Judson and Bay Street and at the bottom of Last Street in Tiverton.

6. Complaints received by the State of Rhode Island Department of Environmental Management [hereinafter "RIDEM"] concerning the stockpiled soils initiated an investigation by a member of the RIDEM hazardous materials response team.

7. The RIDEM field investigator observed that the stockpiled soils placed by the sewer contractor at the corner of Judson and Bay Street and at the bottom of Last Street had a blue color associated with it, indicative of historic coal gasification waste material.

8. RIDEM had the stockpiled soils analyzed by RIDEM's contractor laboratory.

9. The laboratory analysis of the stockpiled soils revealed the presence of cyanide and other hazardous substances in the stockpiled soils.

10. On October 8, 2002, RIDEM issued a Letter of Responsibility to the Town of Tiverton as the owner of the property and to Starwood Tiverton, LLC as the operator of the sewer installation project.

11. In or about November 2002, EA Engineering, on behalf of the Town of Tiverton and Starwood Tiverton, LLC conducted a subsurface investigation beneath portions of the following public roads and public streets in Tiverton as far north as State Avenue: Bay, Judson, Hooper, Hilton, Canonicus, Chase, and Foote.

12. The EA Engineering subsurface investigation revealed the presence of toxic and hazardous substances, including total petroleum hydrocarbons (TPH), semi-volatile organic compounds (SVOCs), lead, arsenic and cyanide in the soils.

13. Additional analytic testing of the contaminated soils determined that some contained toxic and hazardous substances, including poly aromatic hydrocarbons (PAHs), cyanide and naphthalene at levels exceeding the Residential and Industrial/Commercial Direct Exposure Criteria.

14. The results reported by EA Engineering indicated to RIDEM that there was a more wide spread problem with the contaminated soil than had been assumed as the fill containing contaminated soil extended beyond the sewer pipeline right of way and beneath areas of the public roads and public streets in the adjacent community.

15. On or about March 13, 2003, RIDEM met with representatives from the Town of Tiverton who provided historical information to RIDEM concerning the area of Tiverton that was the subject of the RIDEM activities.

16. Historical information provided to RIDEM by the Town of Tiverton included documentation citing a former employee of Fall River Gas Company concerning disposal of "blue soil."

17. Based on the foregoing, RIDEM concluded that some of the properties in this residential area of Tiverton were filled with contaminated coal gasification waste from Fall River Gas Company prior to the construction of the homes and that undeveloped property to the south of the residential development may also have been filled with contaminated coal gasification waste material from Fall River Gas Company.

18. On March 17, 2003, RIDEM issued a Letter of Responsibility to New England Gas Company/Southern Union Company stating in part:

> RE: Historical Manufactured Gas Plant Contaminated Soils in Tiverton, Rhode Island (former Fall River Gas Co.) along Bay Street, Judson Street, Canonicus Street, Hooper Street, Hilton Street, Chase Street and Foote Street, and adjoining

properties (i.e. "the site").

The contaminated soil appears to contain historical manufactured coal gasification materials.

Based upon the information identified to date, Southern Union Company, as the owner of the former Fall River Gas Company (d.b.a. New England Gas Co.), is identified as a Responsible Party as defined by Rule 3.44 for the improper disposal of contaminated soils.

19. Soil with a blue color indicates the presence of coal gasification waste material.

20. Fall River Gas Company was involved with coal gasification.

21. Coal gasification waste material contains lead, arsenic, cyanide and other hazardous substances.

22. Subsequent testing, field work, observations, information and analysis confirmed that properties in the site, a residential area of Tiverton where Plaintiffs own property and reside, were filled with coal gasification waste containing lead, arsenic, cyanide, and other hazardous substances that contaminated the soil.

**Emergency Moratorium Area**

23. On August 25, 2003, the Town Council of the Town of Tiverton placed an "Emergency Moratorium" on all property within the following borders: bordered on the west by the waterfront; bordered on the north by the Rhode Island/Massachusetts state line; bordered on the east by Church Street from end to end and then continued as a drawn line to a point northerly that meets the state line and continued southerly as a drawn line to a point that meets Lepes Road; and bordered on the south by the center of Lepes Road [hereinafter "Emergency Moratorium Area"]

24. A letter dated August 27, 2003 from the Town of Tiverton to All Property Owners in the Northwest Quadrant of Tiverton states in part:

> The 'Emergency Moratorium' prohibits immediately any excavation within the bordered area. Additionally, any building permit that requires excavation will not be issued within the area.
>
> (RIDEM) and the Department of Health are currently working with the residents and town regarding contaminated soil within the bordered area.
>
> Remember, the 'Emergency Moratorium' includes all type of Excavation on your property.

25. Plaintiffs all own property located in the Emergency Moratorium Area.

26. Testing on properties in the Emergency Moratorium Area, including properties owned by Plaintiffs, properties abutting properties owned by Plaintiffs, and properties in the vicinity of properties owned by Plaintiffs, has revealed the presence of hazardous substances such as lead, arsenic and cyanide.

## IV. CAUSES OF ACTION

### COUNT ONE
**(Negligence)**

27. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

28. The Defendant had a duty to exercise reasonable care in handling, disposing of, and/or releasing hazardous substances in its possession, custody and control, including coal gasification waste material containing lead, arsenic, and cyanide.

29. The Defendant had a statutory duty, pursuant to R.I.GEN. LAWS § 23-19.1-22 (1956), to transport, store, and dispose of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location authorized by that chapter or the rules and regulations promulgated pursuant to it.

30. The Defendant had a continuing duty to advise and warn of the dangers associated with the hazardous substances Defendant handled, disposed of, and/or released, including coal gasification waste material containing lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area.

31. The Defendant knew or should have known that the hazardous substances Defendant handled, disposed of and/or released would cause harm to the Plaintiffs.

32. The Defendant breached its duties by, among other things:

a. disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area;

b. transporting, storing, or disposing of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location not authorized by R.I.GEN. LAWS § 23-19.1-22 (1956) or the rules and regulations promulgated pursuant to that chapter;

c. failing to notify or warn property owners in the Emergency Moratorium Area of the hazards Defendant had created;

d. failing to remove the hazards Defendant had created.

33. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages as described above.

34. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its negligence.

**COUNT TWO**
**(Gross Negligence)**

35. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

36. The Defendant had a manifest duty to exercise reasonable care in handling, disposing of, and/or releasing hazardous substances in its possession, custody and control, including coal gasification waste material containing lead, arsenic, and cyanide.

37. The Defendant had a manifest statutory duty pursuant to R.I.GEN. LAWS § 23-19.1-22 (1956) to transport, store, and dispose of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or location authorized by that chapter or the rules and regulations promulgated pursuant to it.

38. The Defendant had a continuing manifest duty to advise and warn of the dangers associated with the hazardous substances Defendant handled, disposed of, and/or released, including coal gasification waste material containing lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area.

39. The Defendant, acting in reckless disregard of the consequences as affecting life or property of the plaintiffs knew or should have known that the hazardous substances Defendant handled, disposed of and/or released would cause harm to the Plaintiffs.

40. The Defendant intentionally breached its manifest duties by, among other things:

a. disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area;

b. transporting, storing, or disposing of hazardous wastes, including coal gasification waste material containing lead, arsenic, and cyanide, in a manner or

location not authorized by R.I.GEN. LAWS § 23-19.1-22 (1956) or the rules and regulations promulgated pursuant to that chapter;

c. failing to notify or warn property owners in the Emergency Moratorium Area of the hazards Defendant had created;

d. failing to remove the hazards Defendant had created.

41. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages as described above.

**COUNT THREE**
**(Strict Liability)**

42. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

43. The Defendant engaged in ultrahazardous and abnormally dangerous activities when it handled, disposed of and/or released hazardous substances in its possession, custody and control, including coal gasification waste material containing Lead, Arsenic, and Cyanide.

44. The Defendant knew, or should have known, that there was a high degree of risk associated with the handling, disposal and/or release of the hazardous substances, including a risk of harm to the Plaintiffs.

45. As a direct and proximate result of Defendant's ultrahazardous and abnormally dangerous activity, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

46. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of its conduct.

**COUNT FOUR**

**(Private Nuisance)**

47. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

48. The Defendant, by its handling, disposal of, and release of hazardous substances emanating from its own property, including coal gasification waste material containing lead, arsenic, and cyanide used as fill in the Emergency Moratorium Area, has materially interfered with the Plaintiffs' physical comfort and/or use of their property and has thereby created a private nuisance.

49. As a direct and proximate result of the private nuisance created by the Defendant, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

50. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of their conduct.

**COUNT FIVE**
**(Public Nuisance)**

51. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

52. The Defendant, by its handling, disposal of, and release of hazardous substances, coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area, has unreasonably interfered with the health, safety, peace, comfort or convenience of the public and has thereby created a public nuisance.

53. The plaintiffs as owners of property in the Emergency Moratorium Area have suffered harms different than those suffered by the general public.

54. As a direct and proximate result of the public nuisance created by the Defendant, the Plaintiffs have suffered and will continue to suffer substantial injuries and damages, as described above.

55. The Defendant is liable for the damages suffered by the Plaintiffs as a direct and proximate result of their conduct.

**COUNT SIX**
**(Infliction of Emotional Distress)**

56. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

57. The Defendant's acts and omissions as described above represent conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.

58. The Defendant knew or was reckless in not knowing that its acts and omissions would inflict emotional distress on the Plaintiffs.

59. The Defendant's acts and omissions have in fact inflicted severe emotional distress on all or some of the Plaintiffs and the Defendant is liable for the resulting damages Plaintiffs have suffered and will continue to suffer.

**COUNT SEVEN**
**(Unauthorized Disposal of Hazardous Waste)**

60. The Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs of its complaint.

61. The defendant, acting in a willful and knowing manner, engaged in the transportation, storage, or disposal of hazardous wastes in a manner or location not authorized by R.I. GEN. LAWS § 23-19.1-22 (1956) and has, therefore, caused the

unauthorized transportation, storage, or disposal of hazardous wastes through its activities in disposing of and/or releasing hazardous substances, including coal gasification waste material containing lead, arsenic, and cyanide that was used as fill in the Emergency Moratorium Area.

62. The Defendant is liable for treble the amount of the costs, damages, losses, or injuries suffered by the Plaintiffs as a direct and proximate result of their conduct.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiffs by and through their attorneys, MOTLEY RICE, THORNTON & NAUMES, AND MCROBERTS, ROBERTS & RAINER, request that this Honorable Court issue an order and judgment against Defendant as follows:

1. Judgment against the Defendant for compensatory and punitive damages, plus interests, costs, and attorneys' fees;

2. An order awarding Plaintiffs such other extraordinary, declaratory and/or injunctive relief as permitted by law or equity as necessary to assure that the Plaintiffs have an effective remedy; and

3. For such other and further relief as the Court deems equitable just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY.

PLAINTIFFS,
By and through their attorneys,

Robert J. McConnell (#3888)
Michael G. Rousseau (#6940)
Jonathan D. Orent
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 521-9400

David C. Strouss
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222